WALLACE, JUDGE:
Frances N. Lee, as mother and next friend of Rodney K. Lee filed this claim for injuries received by her son, Rodney K. Lee, while a student at the Romney School for the Deaf and Blind at Romney, West Virginia.
Rodney K. Lee is a mute aphasic, 20 years old with the mentality of a 10-12 year old boy. He was enrolled at the School to learn sign language to enable him to communicate. When he was first enrolled at the School, he roomed on the,first'floor of-Seaton Hall Dormitory but was later moved to the second floor with boys more his size.
Each floor is supervised by an employee of the respondent known as a houseparent. Kirk Lockwood was the houseparent on the floor where Rodney Lee was quartered. His job, according to the testimony, was that of a substitute parent. He was to supervise the students, plan recreation, and perform whatever other functions that might be necessary.
On Saturday, March 1,1975, Rodney was cleaning his room with his roommates. This was the normal Saturday morning routine at the School. Kirk Lockwood, the houseparent, was supervising the students in the cleaning. On this particular morning he left the floor for a few minutes to assist another student in emptying a trash can. On his return several students motioned to him to come quickly and led him to the bathroom where he found Rodney standing beside a sink injured and bleeding from the mouth. He took him to the infirmary and from there to a dentist for treatment. Later that day he was taken homelpy his parents..Rodney had three teeth knocked out. The resulting damage tcf his mouth and other *267 teeth caused the remaining teeth to abscess necessitating the eventual removal of all of his teeth.
The claimant, Mrs. Lee, testified that the incident so affected Rodney emotionally that it was necessary to remove him from the School.
Neither of Rodney’s roommates was able to communicate with others, but by means of pantomime, they indicated that there had been some sort of fracas in their room. Rodney indicated he was hit in his mouth. Mark Minnick, a student with a room across the hall, had apparently come into Rodney’s room and for reasons unknown struck or pushed Rodney against the metal beds. Upon inquiry, he admitted being in the room but denied hitting Rodney, claiming that he only pushed him. There was some indication that Rodney grabbed Minnick by the shirt, but whether it was before or after he was hit and/or pushed, was never determined. Jack Brady, the Superintendent of the School, testified that Minnick was not mentally retarded but had impaired hearing ,apd some speaking ability.
The claimant maintains that Rodney would not have been injured if the School had provided closer supervision. She testified that she visited Rodney every two weeks and that her observation of the houseparents indicated they spent their time sitting in the lounge. However, she stated that “Mr. Lockwood made rounds and was nearly always on the move, watching after his boys.”
Mr. Brady, as well as Robert W. Linzey, Principal of the School for the Deaf and Blind and Kirk Lockwood, the houseparent, testified they had no reason to believe that Mark Minnick would harm any of the other students. The testimony indicated that students at the School had discipline problems from time to time, but there was no evidence that these problems would lead to serious injuries to the students or property of the School. Mr. Brady stated that the students were given their freedom within reason and were treated as normal as possible.
It is regrettable that Rodney received the injuries that he did, but the record of the case does not disclose ar^y nagligenqe on the part of the respondent that would.justífy a recovery. The fact that Kirk Lockwood left the floor for a few minutes to assist a student in removing the trash is not in itself sufficient evidence to believe the accident could have been prevented if he had been there. He would have had to have been in Rodney’s room, which was not the case. *268 Employees of the respondent testified they had no reason to believe there was such aggressiveness among the students that an accident of this type would happen. In any school where students are assembled and in this case lived together in dormitories, fracases will and do occur. In this case the respondent provided closer supervision due to the impairments of the various students but at the same time attempted to create an atmosphere where the students could pursue a near normal life. The students are not considered inmates nor the houseparents as wardens. Enrollment in the School is on a voluntary basis. No student is committed to the School. The guarantee of safety is no more or no less than if the student is enrolled in any other public school. The injuries received by Rodney were not forseeable, and the record fails to reveal any negligence on the part of the respondent which was thp proximate cause of the accident. Accordingly, this Court is of the opinion to and does disallow the claim.
Claim disallowed.